**Mile PEROS, Plaintiff,**

v.

**GRACE LINE, INC., Defendant.**

**Mile PEROS, Plaintiff,**

v.

**The S.S. SANTA LUISA, her engines, etc., and Grace Line Inc., Respondent-Claimant.**

No. 64 Civ. 3791.

No. 65 Adm. 526.

United States District Court
S. D. New York.

June 6, 1966.

Jack Steinman, New York City, for plaintiff.

Kirlin, Campbell & Keating, New York City, for defendant.

## MEMORANDUM.

MURPHY, District Judge.

Mile Peros, a longshoreman, seeks damages for injuries sustained on board the S.S. SANTA LUISA and brings an action at law against Grace Line, Inc. and a proceeding in admiralty against the ship and Grace Line, Inc. as claimant. It is undisputed that he was employed by Grace Line, Inc. as a longshoreman and that Grace Line, Inc. is the owner of the S.S. SANTA LUISA. It is also undisputed that Grace Line, Inc. has in all respects complied with the Longshoremen's and Harbor Workers' Compensation Act (33 U.S.C. § 901 et seq.).

Defendant Grace Line, Inc., and the ship and Grace Line, Inc. as claimant, move to dismiss the action and the libel on the ground that the Longshoremen's and Harbor Workers' Compensation Act is libelant's exclusive remedy and plaintiff-libelant countermoves to strike such defenses as insufficient. At issue is whether Reed v. S.S. Yaka, 373 U.S. 410, 83 S.Ct. 1349, 10 L.Ed.2d 448 (1963)

is controlling or whether the facts in this case, viz., the respondent is the *actual* owner of the ship and the actual stevedore employer, are enough to distinguish it.

Judge Weinfeld on almost identical facts held that *Yaka* controlled. Hertel v. American Export Lines, 225 F.Supp. 703 (S.D.N.Y.1964). More recently Judge Bonsal did likewise. Carroll v. S.S. Santa Rosa, Claimant Grace Lines, Inc., D.C., 257 F.Supp. 688 (May 4, 1966).

We agree with our brothers and deny respondent's motion and grant libelant's.

These are orders. No settlements are necessary.